■ In the Matter of 4M HOLDING COMPANY, INC., Appellant, v FRANK DIAMANTE et al., Respondents. [604 NYS2d 127] —In a proceeding pursuant to CPLR article 78 to review a $1,132,492.90 demolition/cleanup lien and assessment charged against the petitioner's real property, the petitioner appeals from an order and judgment (one paper), of the Supreme Court, Suffolk County (Cannavo, J.), entered March 3, 1993, which, upon granting the respondents' motion to dismiss the proceeding as untimely, dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

Under the Real Property Tax Law, an assessment may be reviewed on the grounds that it is "excessive, unequal, or unlawful, or [on the ground that the] real property is misclassified" (RPTL 706 [1]). Since the petitioner in this case is contesting the amount of a lien placed upon its property by the Town for a cleanup of debris, and not the valuation of its real property, the petitioner's claim does not fall under any of the categories of claims that are properly brought pursuant to the RPTL *(see,* RPTL 706 [1]). Thus, the petitioner properly brought this proceeding pursuant to CPLR article 78. Moreover, the petitioner's proceeding pursuant to CPLR article 78 was timely commenced within four months after the determination became final *(see,* CPLR 217 [1]), that is, within four months after December 17, 1991, the date that the petitioner received notice of the lien and assessment *(see, Matter of Village of Westbury v Department of Transp.,* 75 NY2d 62, 72).

We agree with the Supreme Court that the issue of the

appropriateness of the amount of the lien and assessment was not presented for review in a previous, related CPLR article 78 proceeding, and, therefore, that the petitioner is not collaterally estopped from maintaining this proceeding. Sullivan, J. P., Lawrence, O'Brien and Santucci, JJ., concur.